IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| RAFAELA Z. SARMIENTO, § | | |
| Plaintiff, § | | |
| v. § | NO. | EP-16-CV-0435-PRM |
| § | | (-LS by Consent) |
| NANCY A. BERRYHILL,[1] § | | |
| Acting Commissioner of Social Security § | | |
| Administration, § | | |
| Defendant. § | | |

## MEMORANDUM OPINION

Plaintiff Rafaela Z. Sarmiento appeals the denial of her Social Security disability benefits claim under 42 U.S.C. § 405(g). The parties consent to my determination under 28 U.S.C. § 636(c) and Appendix C to the Local Court Rules for the Western District of Texas. I **AFFIRM** the Commissioner's decision denying benefits.

I. **Facts and Proceedings**

Sarmiento applied for disability insurance benefits in February 2013 alleging disability beginning on July 23, 2011.[2] After the Commissioner denied her initial application and request for reconsideration, an Administrative Law Judge (ALJ) held a hearing in November 2014.[3] The ALJ heard testimony from Sarmiento, who was represented by counsel, and from a vocational expert. In an opinion dated March 27, 2015, the ALJ determined that Sarmiento was not disabled within the meaning of the Social Security Act.[4] The Appeals Council denied her request for review, making the decision of the ALJ the final decision of the Commissioner.[5]

On appeal, Sarmiento argues that the ALJ erred in not finding Sarmiento's affective mood

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted as the defendant in this case.
[2] R:194.
[3] R:57-73, 97, 110.
[4] R:24-35.
[5] R:1-4.

disorder severe enough to meet or equal one of the impairments listed in the appendix to the regulations.[6] She also argues that the ALJ erred in determining her residual functional capacity (what she can still do workwise) because the ALJ failed to accommodate her alleged standing and walking limitations.[7]

**II.   Discussion**

    **A.   Legal Standards**

Judicial review of the Commissioner's decision is limited to two inquiries: 1) whether the decision is supported by substantial evidence on the record as a whole; and 2) whether the Commissioner applied the proper legal standards. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002). Substantial evidence "is more than a mere scintilla, and less than a preponderance." *Masterson*, 309 F.3d at 272. The Commissioner's findings will be upheld if supported by substantial evidence. *Id*.

In evaluating a disability claim, the Commissioner follows a five-step sequential process to determine whether: (1) the claimant is presently working; (2) the claimant has a severe medically determinable physical or mental impairment; (3) the claimant's impairment meets or equals an impairment listed in the appendix to the regulations; (4) the impairment prevents the claimant from doing past work; and (5) the claimant can perform other work. 20 C.F.R. § 404.1520(a)(4); *Boyd v. Apfel*, 239 F.3d 698, 704-05 (5th Cir. 2001).

Courts utilize four elements of proof to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age,

---

[6] ECF No. 19 at 3-5.
[7] ECF No. 19 at 5-9.

education, and work history. *Perez*, 415 F.3d at 462. A court cannot, however, reweigh the evidence or try the issues *de novo*. *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985). The Commissioner, not the courts, must resolve conflicts in the evidence. *See Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983).

### B. The ALJ's Findings

At steps one and two, the ALJ determined that Sarmiento had not worked since October 2009[8] and had severe impairments of diabetes mellitus, hypertension, degenerative disc disease, obesity, and affective mood disorder.[9] At step three, she determined none of these impairments met or equaled an impairment listed in the appendix to the regulations.[10]

At the next step, the ALJ found that Sarmiento had the residual functional capacity (RFC) to perform "medium work," with some limits on the complexity of the work to be performed.[11] The ALJ relied on vocational expert testimony to determine that Sarmiento could perform her past work as an assembly solderer, which was light and unskilled work.[12] The ALJ concluded that Sarmiento was not disabled and not entitled to disability insurance benefits.[13]

### C. Mental Impairment

Sarmiento argues that the ALJ erred in failing to find that Sarmiento's affective mood disorder was severe enough to meet or equal one of the impairments listed in the appendix to the

---

[8] R:26.
[9] R:27.
[10] R:28.
[11] R:30. Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. 20 C.F.R. § 404.1567(c). If someone can do medium work, he or she can also do sedentary and light work. *Id.*
[12] R:34.
[13] R:34-35.

3

regulations.[14] If the ALJ had so found, Sarmiento would be deemed "disabled." 20 C.F.R. § 404.1520(a)(4)(iii), (d). At issue is whether Sarmiento's mood disorder results in at least two of the following:

1. Marked restriction of activities of daily living; or

2. Marked difficulties in maintaining social functioning; or

3. Marked difficulties in maintain concentration, persistence, or pace; or

4. Repeated episodes of decompensation, each of extended duration.

20 C.F.R. Pt. 404, Subpt. P, App.1, Listing 12.04(B).[15]

Sarmiento argues that the ALJ erred in finding only "mild," not "marked," restrictions in her daily living activities and social functioning.[16] Review of the record, however, does not support Sarmiento's contention. "Activities of daily living" include cleaning, shopping, cooking, taking public transportation, paying bills, maintaining a residence, attending to grooming and hygiene needs, using telephone directories, and going to the post office. 20 C.F.R. Pt. 404, Subpt. P, App.1, Listing 12.00(C)(1). A "marked" degree of limitation means serious interference with one's "ability to function independently, appropriately, effectively, and on a sustained basis." *Id*. at Listing 12.00(C).

In April 2013, Sarmiento explained to licensed psychologist Dr. Peter Fernandez that she could bathe, dress, and feed herself independently, and Dr. Fernandez noted that Sarmiento was neatly groomed for the consultation.[17] She reported that she could sweep, mop, and wash dishes

---

[14] ECF No. 19, at 3-5.
[15] This is the regulation that was in effect when the ALJ issued her decision.
[16] ECF No. 19, at 3-5.
[17] R:498-99.

and clothes.[18] She reported to Dr. Fernandez that she relied on her daughter for help paying bills, cooking, and driving.[19] In March 2013 Sarmiento reported that she could prepare simple meals, make beds, and clean the kitchen.[20] She also reported that she dressed, bathed, and attended to her personal care, albeit more slowly than she used to.[21]

"Social functioning" under the regulations means one's "capacity to interact independently, appropriately, effectively, and on a sustained basis with other individuals." *Id*. at Listing 12.00(C)(2). It refers to the ability to get along with others such as family members, friends, neighbors, grocery clerks, landlords, or bus drivers. *Id*. Examples of impaired social functioning include a history of altercations, evictions, firings, fear of strangers, avoidance of interpersonal relationships, and social isolation. *Id.* Sarmiento reported that she shops weekly,[22] lives with her family,[23] and gets along with authority figures such as bosses.[24] She was able to converse and interact with the physicians during her examinations.

It is the claimant's burden to establish that an impairment meets or equals one of the listed impairments in the appendix to the regulations. *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). The diagnosis of an impairment alone is not sufficient to establish listing-level severity. 20 C.F.R. § 404.1525(d). Contrary to her assertions, the record reflects no "marked" limitations with respect to Sarmiento's activities of daily living or social functioning. Substantial evidence supports the ALJ's findings in this regard, as well her determination that Sarmiento's affective mood disorder was not severe enough to meet or equal one of the impairments listed in the appendix to the

---

[18] R:498.
[19] R:498.
[20] R:228.
[21] R:227.
[22] R:229.
[23] R:226.
[24] R:232.

5

regulations.

        **D.     Residual Functional Capacity ("RFC")**

Sarmiento also contends that the ALJ's RFC determination is not supported by substantial evidence because the ALJ failed to incorporate Sarmiento's alleged standing and walking limitations. Sarmiento argues that she cannot perform the six hours of standing and walking required for medium or light work because of her back pain and obesity.

RFC is the most an individual can still do despite her limitations. 20 C.F.R. § 404.1545. The responsibility to determine a claimant's RFC belongs to the ALJ. 20 C.F.R. § 404.1546; *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). The ALJ must consider a claimant's abilities despite her physical and mental limitations based on the relevant evidence in the record. *Perez*, 415 F.3d at 461-62. The ALJ must also consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1529, 404.1545. An RFC finding is used to determine if the claimant can still do her past work. *Perez*, 415 F.3d at 462. If unable, the RFC is then used to determine whether she can do other jobs in the national economy. *Id*.

The full range of both medium and light work requires standing and walking, off and on, for a total of approximately 6 hours in an 8-hour workday. Social Security Ruling ("SSR") 83-10. Sarmiento argues that she cannot stand or walk as required for medium or light work. She testified at the hearing that she could stand for about 15 minutes and could walk approximately two blocks.[25] The objective medical evidence, however, does not support these alleged limitations.

In January 2010, Dr. Dean Smith observed decreased cervical and lumbar range of motion

---

[25] R:63- 64.

and diagnosed Sarmiento with degenerative disc disease.[26] Spinal x-rays taken at that time were consistent with muscle spasms, showed mild degenerative changes, but were otherwise normal.[27] In March 2012, Sarmiento complained to Dr. Miguel Villagra of back pain.[28] Six months later, however, she denied back pain, muscle weakness, and difficulty walking.[29] Six months after that, in March 2013, she denied difficulty "standing."[30]

In May 2013, Sarmiento complained of chronic headaches and back pain on her left side.[31] Medical records generated five months later do not reflect headaches or back pain.[32] Indeed, Sarmiento reported "feeling good."[33] By November 2013, Sarmiento denied any musculoskeletal problems.[34] Finally, Sarmiento was repeatedly told by her doctors to lose weight to improve her health but failed to do so.[35]

Sarmiento has not demonstrated that her impairments prevented her from performing the standing or walking requirements of medium or light work. She also failed to show that her obesity caused additional limitations beyond those the ALJ assessed. Finally, the vocational expert testified that Sarmiento could perform her past relevant work, which was at the light exertional level and within her RFC. The ALJ was entitled to rely upon the vocational expert testimony. *See Carey v. Apfel*, 230 F.3d 131, 146 (5th Cir. 2000). Accordingly, substantial evidence supports the ALJ's findings regarding Sarmiento's RFC.

---

[26] R:280.
[27] R:282, 283.
[28] R:687.
[29] R:427-28.
[30] R:231.
[31] R:608.
[32] R:583.
  R;581.
[34] R:579.
[35] R:569, 582, 584, 599, 609.

The decision of the Commissioner is **AFFIRMED.**

**SIGNED** and **ENTERED** on June 7, 2017.

**LEON SCHYDLOWER**
**UNITED STATES MAGISTRATE JUDGE**